UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FRANK MOSCATI, and WALTER WALSH,
individually and on behalf of WWEBNET, INC.,
a foreign corporation,

                     Plaintiffs,            **ORDER**
                                         CV 15-0937 (DRH) (SIL)

         -against-

ROBERT KELLY, WWEBNET, INC., PAUL T.
SWEENEY, RON INSANA, DAVID STACEY,
TIM DEMERS, DOLNY, LTD., DIRECT CHOICE
TV COMMUNICATIONS, LTD, RYMATICS
LIMITED, and "JOHN DOES" 1-100, "JANE DOES"
1-100 and "XYZ CORPORATIONS" 1-100,

                    Defendants.
----------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

     This action was commenced by Plaintiffs Frank Moscati and Walter Walsh (collectively "Plaintiffs") as a derivative shareholder action seeking damages sustained by WWEBNET and its shareholders as the result of the alleged acts and/or omissions of the Defendants, former officers and directors of WWEBNET.  Before the Court on referral from District Judge Denis Hurley is a letter motion submitted by Defendants Paul T. Sweeney, Ron Insana, and Tim Demers (the "Moving Defendants") requesting a transfer of venue pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York for consolidation with a related action already pending there.  *See* Letter Motion ("Motion"), Docket Entry ("DE") [10].  Plaintiffs have not opposed the Motion, nor have they responded to various communications from the Defendants or orders of the Court.  For the reasons set forth below, the Motion is granted and the case will be transferred to the Southern District of New York.

**BACKGROUND**

     According to the Moving Defendants, this is the third case to assert shareholder derivative

claims against the former officers and directors of nominal defendant WWEBNET.   Defendant Kelly is apparently serving time in a federal prison having pled guilty to federal securities and wire fraud charges relating to the fraudulent diversion of investor funds from WWEBNET.  According to the Moving Defendants, "no other defendant was criminally charged."  Motion at 2.

The first case, which involved the same plaintiffs and defendants, was filed in New York Supreme Court, Nassau County and was captioned *Walsh, et al. v. WWEBNET, Inc., et al.,* No. 10-023744 (the "First WWEBNET Action").  Defendants state that after several attempts by plaintiffs to re-plead their claims, the First WWEBNET Action was dismissed with prejudice on or about June 5, 2014.

The second case was initiated by the same plaintiffs' counsel, but was brought by a different WWEBNET shareholder in New York Supreme Court, New York County.  Defendant Sweeney removed that action to the Southern District of New York.  *See Hansen v. WWEBNET, Inc., et al.,* 14 Civ. 2263 (ALC) (the "Second WWEBNET Action").  While the Second WWEBNET Action is still pending,  Sweeney is moving to dismiss it, arguing in part that it is barred by res judicata based on the decision in the First WWEBNET Action.

The case currently pending in this Court is the third action, and was commenced on or about October 14, 2014 in Supreme Court, Nassau County.  Defendants timely removed the action on February 23, 2015.  According to the Notice of Removal, "WWEBNET is a defunct corporation, with no existing  directors, officers, or agents."  Notice of Removal at ¶ 14, DE [1].  The Notice of Removal further states that "[u]pon removal, Defendants will move to transfer this action to the Southern District of New York so that the action may then be consolidated with the closely-related action currently before that court, *Hansen v. WWEBNET, Inc., et al.,* 14 Civ. 2263 (ALC)."  Notice of Removal at ¶ 27, DE [1].

After removing the case, the Moving Defendants purportedly asked Plaintiffs' counsel to consent to the venue change, but never received a reply. *See* Motion at 2. The Moving Defendants then requested a pre-motion conference regarding their proposed motion to change venue. DE [6]. When Plaintiffs failed to respond to the Moving Defendants' request, Judge Hurley issued an order directing Plaintiffs to respond on or before April 2, 2015. Elec. Order of 3/26/15. At that time, there were some difficulties with the ECF registration of Plaintiffs' counsel, Brian Limmer. Moving Defendants, however, served copies of both their February 25th letter and Judge Hurley's electronic order of March 26th on Mr. Limmer by overnight delivery. *See* DE [8], [9]. Despite this service and in contravention of Judge Hurley's Order, Plaintiffs did not respond.

On April 10, 2015, the Moving Defendants filed the Motion to change venue at issue here. They again served Plaintiffs' counsel, this time by U.S. mail. *See* DE [11]. Plaintiffs have not opposed the Motion or contacted the Court in this regard.[1] By Electronic Order dated April 14, 2015, Judge Hurley referred the Motion to this Court. An order transferring venue under 28 U.S.C. § 1404(a) is non-dispositive "because it can result only in the transfer of the case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction," *Adams v. Key Tronic Corp.,* No. 94 CIV.A0535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997), and thus may be decided by a magistrate judge. *See Reifler v. Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP,* 435 B.R. 118, 119 n.1 (S.D.N.Y. 2010) (citing *Shenker v. Murasky,* No. 95 CV 4692, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) (additional citation omitted)); 28 U.S.C. § 636.

---

[1]Plaintiffs' counsel was in contact with the Clerk's Office to update his contact information. Upon completion of that update, all public entries were re-generated and sent to him specifically on or about April 22, 2015.

## DISCUSSION

Section 1404 (a), governing the Moving Defendants' Motion for transfer of venue, provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Here the Motion is informed by "first-filed" rule, a "well-settled legal doctrine, instructing that 'where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'" *Wyler-Wittenberg v. MetLife Home Loans, Inc.,* 899 F. Supp. 2d 235, 243 (E.D.N.Y. 2012) (quoting *First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir. 1989) (quotations and citations omitted)); *see also Capitol Records, Inc. v. Optical Recording Corp.,* 810 F. Supp. 1350, 1353 (S.D.N.Y. 1992) (noting the "general rule in the Second Circuit" that the first suit should have priority "as a principle of sound judicial administration").  The rule allows courts to avoid "duplicate litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue."  *Ontel Prods., Inc. v. Project Strategies Corp.,* 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995).

For the first-filed rule to apply, the cases must have identical or substantially similar parties and claims.  *See In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 116-17 (2d Cir. 1992).  Significantly, "the rule does not require *identical* parties in both cases, but merely requires 'substantial overlap.'" *Spotless Enters. Inc. v. Accessory Corp.,* 415 F. Supp. 2d 203, 206 (E.D.N.Y. 2006) (emphasis in original) (citations omitted).  While the first-filed rule is often implicated in situations where the defendant in the earlier case files a second case as a plaintiff in another jurisdiction, thus effectively switching roles, it also applies where a party is named as a defendant in more than one case.  *See, e.g.,Wyler-Wittenberg,* 899 F. Supp. 2d at 240 (applying rule where party was named as defendant

4

in multiple, putative collective and class action suits); *O'Hopp v. ContiFinancial Corp.,* 88 F. Supp. 2d 31, 35 (E.D.N.Y. 2000) (multiple securities fraud class actions against same defendant).

Applying these standards, the Court finds that there is substantial overlap between the Second WWEBNET Action and the current action.  Although there are different Plaintiffs in the two cases, they were all WWEBNET shareholders and the cases concern the same factual allegations regarding the alleged fraudulent diversion of investor funds from WWEBNET.  In addition, the cases were brought by the same attorney and, according to the Moving Defendants, "[e]ach of the actions has repeated (often verbatim) the same allegations."  Motion at 2.   In light of the substantial overlap, the first-filed rule should be applied, absent a demonstration of special circumstances.

The party arguing that the first-filed rule should not apply bears the burden of establishing the existence of special circumstances sufficient to defeat its application.  *See O'Hopp,* 88 F. Supp. 2d at 35; *Hanson PLC v. Metro-Goldwyn-Mayer, Inc.,* 932 F. Supp. 104, 106 (S.D.N.Y. 1996). Examples of special circumstances include "'customer actions,' 'improper anticipatory actions,' and where the 'balance of convenience and interest of justice' favors the second suit."  *Spotless Enters.,* 415 F. Supp. 2d at 206.[2]  As Plaintiffs have not opposed the motion, they have not carried their burden sufficient to depart from the first-filed rule.  Despite that failure, the Court notes that neither of the first two special circumstances is implicated here, and will further examine whether the balance of convenience militates against a transfer.

In weighing the balance of convenience, the court considers factors including: "(1) the convenience of the witnesses, as well as the availability of process to compel their attendance if

---

[2]Customer actions "involve cases where the first-filed action is against a customer of the alleged infringer and the second suit is against the infringer himself," while improper anticipatory actions include suits "where forum-shopping motivated the filing of the suit and choice of venue."  *Spotless Enters.,* 415 F. Supp. 2d at 206-07.

unwilling; (2) the location of relevant documents and ease of access to sources of proof; (3) the convenience and relative means of the parties; (4) the locus of operative facts; (5) the forums' respective familiarity with the governing law; (6) the weight accorded to the plaintiff's choice of forum; (7) trial efficiency and the interests of justice; and (8) any other relevant factors special to the two cases." *Spotless Enters.,* 415 F. Supp. 2d at 207 (quoting *Rico Records Distribs. Inc. v. Ithier,* 364 F. Supp. 2d 358, 361 (S.D.N.Y. 2005)). These factors are virtually identical to those applied to a change of venue motion filed pursuant to 28 U.S.C. § 1404(a) when the first-filed rule is not at issue. *See Wyler-Wittenberg,* 899 F. Supp. 2d at 246 & 249 (listing factors).

Applying these standards, the Moving Defendants argue that considerations of trial efficiency and justice favor consolidating this action with the Second WWEBNET Action. The Court agrees, especially in light of the anticipated motion practice in that case. Whether the dismissal of the First WWEBNET Action with prejudice should be given preclusive effect on the subsequent actions is an issue that is best decided by a single court presiding over a consolidated action. To find otherwise would "creat[e] the prospect of duplicative litigation, potentially inconsistent results and a waste of judicial resources." *O'Hopp,* 88 F. Supp. 2d at 37. In addition, as WWEBNET was headquartered in Manhattan, a substantial part of the events giving rise to Plaintiffs' claims occurred in the Southern District, and documents would also most likely be located in that jurisdiction. Although Plaintiffs Moscati and Walsh are residents of Suffolk County and Nassau County, respectively, they have not argued that pursuing their claims in the Southern District would be either inconvenient or inappropriate. Indeed they have not opposed this motion at all.

Accordingly, the Moving Defendants' Motion to transfer this matter to the United States

District Court for the Southern District of New York is granted.

Dated: Central Islip, New York                SO ORDERED:
        June 5, 2015

                                                /s/ Steven I. Locke
                                               STEVEN I. LOCKE
                                               United States Magistrate Judge