USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5-26-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
    MOSCATI, et al.,

                              Plaintiff,

            -against-

    KELLY, et al.,

                           Defendant.
------------------------------------------------------------x

1:15-cv-04641 (ALC)

<u>OPINION & ORDER</u>

**ANDREW L. CARTER, JR., United States District Judge:**

## I.   INTRODUCTION

Pending before the Court are two motions. The first motion is on the part of Defendant Tim Demers to dismiss the claims against him, causes of action two through five, for lack of personal jurisdiction. The second is a joint motion to dismiss by Defendants Paul Sweeney, Ron Insana, and Tim Demers (collectively, "Moving Defendants"). Moving Defendants move to dismiss causes of action two through five against them as claim precluded, or in the alternative, as barred under the statute of limitations, or for failure to state a claim. Defendants Sweeney and Insana also move to dismiss causes of action six and seven on the same grounds.[1]

For the reasons stated below, the Court grants Defendant Demers' motion to dismiss claims two through five against him for lack of personal jurisdiction. The Court grants Moving Defendants' motion to dismiss claims two through five as both claim precluded and barred by the applicable statute of limitations. The Court also grants Defendants Sweeney and Insana's motion to dismiss claims six and seven for the same reasons. Because the Court disposes of causes of

---

[1] Defendants Robert Kelly, David Stacey, Wwebnet, Inc., Dolny, Ltd., Direct Choice TV Communications, Ltd., and Rymatics Limited have yet to appear in this action.

action two through seven on the aforementioned grounds, the Court does not reach the issue of whether those causes of action should be dismissed for failure to state a claim.

## II. BACKGROUND

This case, premised on diversity jurisdiction, involves allegations sounding in fraud, by Plaintiffs Frank Moscati and Walter Walsh (collectively, "Plaintiffs"), individually, and as derivative shareholders seeking damages sustained by Wwebnet, Inc. ("Wwebnet"), a foreign corporation with its principle place of business in New York. According to Moving Defendants, and confirmed by a search of various dockets, this is the fifth case by Plaintiffs to assert individual and shareholder derivative claims against the former officers and directors of WWebnet and its alleged wholly-owned subsidiaries. Of relevance to the motions currently before the Court is the first case, which was filed in New York Supreme Court, Nassau County on December 31, 2010 and was captioned <u>Walsh, et al. v. WWEBNET, Inc., et al.</u>, Index No. 023744/2010 ("Nassau County Suit").

In the Nassau County Suit, Plaintiffs brought seventeen causes of action against the same corporate entities and individuals named as defendants in the instant action. In the Nassau County Suit, Plaintiffs asserted that under the guise of research and development payments, Defendant Robert Kelly diverted investments, revenues, and other assets into three other entities and wholly-owned subsidiaries of Wwebnet in order to engage in self-dealing. See <u>Walsh, et al. v. WWEBNET, Inc., et al.</u>, Index No. 023744/2010, slip op. at 3 (N.Y. Sup. Ct. Nassau Co. Dec. 20, 2011) (hereinafter, "Warshawsky Op.").

The three other entities were also named as defendants in the Nassau County Suit: Dolny, Ltd. ("Dolny"), Direct Choice TV Communications, Ltd. ("Direct"), and Rymatics Limited ("Rymatics"). All three entities were alleged to be foreign corporations doing business in New

York, with their respective principle places of business outside of New York. Warshawksy Op. at 3.

Plaintiffs further alleged that Defendants Sweeney, Insana, and Demers were directors and/or officers of the various corporate defendants: (1) Defendant Sweeney was the Chief Financial Officer, shareholder, employee, and director of Wwebnet; (2) Defendant Insana was an officer, shareholder, employee, and director of Wwebnet; and (3) Defendant Demers was the Chief Technology officer, shareholder, employee, and director of Wwebnet, Dolny, Direct, and Rymatics. Id. The complaint was silent as to whether Sweeney, Insana, and Demers were domiciliaries of New York, but did allege that Sweeney and Insana participated in board meetings at Wwebnet's New York headquarters. Plaintiffs asserted that as directors and officers of these corporate entities, the three men knew, or should have known, of the inappropriate and unauthorized diversion of funds to the three entities, and ultimately, to Defendant Kelly. Id.

Based on these allegations, Plaintiffs brought nine individual causes of action and eight derivative causes of action. Id. at 3. The shareholder derivative causes of action were brought pursuant to New York Business Corporation Law ("BCL") § 626, which provides, in relevant part, that shareholders may bring derivative suits on behalf of a corporation, but that in order to do so, "the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort." Plaintiffs did not allege that they had taken any efforts to induce the directors and officers to take action on behalf of Wwebnet; or alternatively, that such a demand as futile. Warshawksy Op. at 5.

Defendants Kelly, Sweeney, Insana, and Demers moved to dismiss Plaintiffs' complaint and Plaintiffs cross-moved for leave to file an amended complaint. On December 20, 2011, Justice Warshawsky of the New York Supreme Court dismissed Plaintiffs' derivative causes of action for

3

failure to adequately plead the demand futility component of BCL § 626. In support of his decision, Justice Warshawsky noted that the original complaint was devoid of "any allegations setting forth in detail the efforts to induce the board of directors to take remedial action on behalf of the corporation; or alternatively, an explicit explanation as to why such efforts would be fruitless." Warshawksy Op. at 5.

Plaintiffs' proposed amended complaint asserted that because directors and officers were self-interested, demand was futile. The proposed amended complaint did not allege any additional facts supporting demand or demand futility. After reviewing Plaintiffs' proposed amended complaint, Justice Warshawsky granted Plaintiffs' cross-motion for leave to amend six of the shareholder derivative causes of action.

However, Justice Warshawsky denied so much of Plaintiffs' cross-motion that sought leave to amend the individual claims, finding that the counts were improperly joined. He held that the individual claims should have been pled as derivative claims, but that leave to amend the counts would be futile because Plaintiffs lacked standing to bring eight of the nine claims. Accordingly, he dismissed the eight claims. Only Plaintiff Walsh's individual claim against Dolny and Direct survived. See Warshawksy Op. at 5–6.

Defendants Kelly, Sweeney, Insana, and Demers appealed Justice Warshawsky's order granting Plaintiffs leave to file the proposed amended complaint. See Walsh v. Wwebnet, Inc., 116 A.D.3d 845, 845–46, 984 N.Y.S.2d 100, 102 (N.Y. App. Div. 2014). In April of 2014, the Appellate Division, Second Department reviewed the proposed amended complaint that Plaintiffs had initially submitted to Justice Warshawsky. The Appellate Division affirmed the part of Justice Warshawsky's order that denied Plaintiffs leave to amend their individual claims.

However, the Appellate Division reversed the part of Justice Warshawsky's order granting Plaintiffs leave to amend six of the asserted shareholder derivative causes of action. Walsh, 116 A.D.3d at 845, 984 N.Y.S.2d at 102. The Appellate Division found that Plaintiffs' proposed amended complaint failed to advance any facts supporting conflicted directors, demand, or demand futility. In particular, the proposed amended complaint contained only conclusory allegations that the defendant directors and officers received a direct financial benefit. Walsh, 116 A.D.3d at 847, 984 N.Y.S.2d at 103–04. The Appellate Division characterized the amended allegations as "palpably insufficient" and therefore, unable to satisfy the standard necessary to obtain leave to amend a pleading. Walsh, 116 A.D.3d at 848, 984 N.Y.S.2d at 104.

While the appeal to the Appellate Division was pending, Plaintiffs served a series of proposed amended complaints, and filed a handful of amended complaints in the Nassau County Suit — both with and without leave of court. Each amended pleading asserted more facts concerning the alleged fraud, but did not assert any facts to support demand futility. In response to each proposed and actual amendment of the complaint, Defendants moved to dismiss for failure to plead demand futility. By the time the Appellate Division decided the appeal on April 16, 2014, Defendants had moved the court in the Nassau County Suit to dismiss both the second and third amended complaints. Meanwhile, Plaintiffs cross-moved for leave to file a fourth amended complaint — referred to in the Nassau County Suit as the "Proposed Third Amended Complaint" because the third amended complaint before the court had been filed without leave.

On June 5, 2014, Justice DeStefano of New York Supreme Court determined that the Proposed Third Amended Complaint, filed during the pendency of Defendants' appeal to the Appellate Division, was the operative complaint in the Nassau County Suit. The Proposed Third Amended Complaint did not allege any facts supporting demand or demand futility. Plaintiffs'

motion in support of the Proposed Third Amended Complaint appended demand letters dated July 13, 2013 from Plaintiff Walsh addressed to Defendants Wwebnet, Sweeney, Insana, and Demers. Plaintiffs' counsel asked the Nassau Court to receive the letters "nunc pro tunc although believed to be unnecessary for the reasons stated about regarding the proper pleading of futility, etc." February 3, 2014 Affirmation of Brian M. Limmer in Nassau County Suit, at 23. Plaintiffs also appended an affidavit from a purported Wwebnet shareholder, Thomas Hansen, who had allegedly been a cooperating witness in the Securities and Exchange Commission investigation of Defendant Kelly. Hansen's affidavit, dated February 3, 2014, made assertions specific to his experience with Defendants, but did not implicate Plaintiffs case in any way.

Justice DeStefano determined that "none of the additions in the proposed third amended complaint c[ould] sustain the derivative causes of action previously dismissed" by the Appellate Division. Walsh, Index No. 023744/2010, slip op. at 6 (N.Y. Sup. Ct. Nassau Co. June 5, 2014) (hereinafter, "DeStefano Op."). Accordingly, Justice DeStefano dismissed all six of the derivate causes of action asserted in the Proposed Third Amended Complaint. DeStefano Op. at 6. Only the first cause of action, Plaintiff Walsh's individual claim against Dolny and Direct, survived. Id. The Nassau County Suit was disposed of on September 14, 2014.

On October 14, 2014, Plaintiffs filed the instant action. It is undisputed that Plaintiffs served the complaint on Defendant Sweeney on January 24, 2014 and on Defendants Insana and Demers on January 27, 2015. The complaint asserts the same seven causes of action that Plaintiffs had raised in the Proposed Third Amended Complaint in the Nassau County Suit. The allegations are nearly identical, except for their order of organization, some copyediting of previous typographical errors, and a decrease in the asserted damages. Like its predecessor, the instant complaint is silent as to Defendant Demers' domicile.

## III. DISCUSSION

As stated above, Defendants Sweeney, Insana, and Demers moved to dismiss the operative complaint on multiple grounds, each of which the Court addresses in turn. First, Defendant Demers individually contends that this Court lacks personal jurisdiction over him. He disputes Plaintiffs' factual assertions that he acted as Chief Technology Officer for any entity other than Rymatics, a foreign corporation with its principle place of business in Oklahoma. Defendant Demers avers that like Rymatics, he is a domiciliary of Oklahoma. Reply Decl. of Tim Demers ¶ 3. Defendant Demers also notes that Plaintiffs have failed to "describe Mr. Demers' duties as the alleged Chief Technology Officer of Wwebnet . . . or explain how such duties would have provided him with knowledge of the alleged improper billing practices" supporting Plaintiffs' various derivative claims for torts that allegedly occurred in New York. Mem. Of Law in Supp. of Defs.' Mot. To Dismiss 6.

### A. Personal Jurisdiction

In opposing a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Kernan v. Kurz–Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999) (quoting Metro. Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996)). At the pleading stage, prior to discovery, the plaintiff is required only to make a *prima facie* showing of jurisdiction through affidavits and other materials submitted for the motion. Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005); Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998); Bellepointe, Inc. v. Kohl's Dep't Stores, Inc., 975 F. Supp. 562, 564 (S.D.N.Y. 1997) ("[A] prima facie showing of jurisdiction . . . means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction."). The plaintiff's pleadings

and supporting documents are construed in the light most favorable to the plaintiff. Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990).

A district court determining whether it may exercise personal jurisdiction over a non-domiciliary engages in a two-part analysis. First, the court determines whether jurisdiction exists under the law of the forum state — in this case, New York. Grand River, 425 F.3d at 165. Second, the exercise of jurisdiction must comport with the Due Process Clause of the U.S. Constitution as set forth in International Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006).

An exercise of personal jurisdiction under CPLR §302 is untenable. Under CPLR §302(a)(1), a court may exercise personal jurisdiction over a non-domiciliary if that person transacts any business within the state or contracts anywhere to supply goods or services within the state — provided the cause of action arises out of those acts. Here, even construing the facts in a light most favorable to Plaintiffs, the amended complaint does not allege any facts that would support a finding of personal jurisdiction over Defendant Demers under CPLR §302(a)(1). Plaintiffs do not allege any domicile for Defendant Demers at all, let alone that he is a non-domiciliary. Nor do Plaintiffs allege any facts in support of their bare conclusion that Defendant Demers transacted business within New York. Plaintiffs assert only that Demers acted as Chief Technology Officer of corporate defendants. Without more, the Court cannot find that Plaintiffs have alleged facts sufficient to intimate that Demers conducted *any* activities in New York. Finally, even if Plaintiffs had pled sufficient facts to establish that Demers had transacted business in New York, Plaintiffs have not alleged any facts asserting that the causes of action against Defendant Demers arose out of said business. Therefore, the Court cannot exercise personal jurisdiction over Defendant Demers pursuant to §302(a)(1).

Nor do CPLR §302(a)(2) or §302(a)(3) provide the necessary predicates. CPLR §302(a)(2) grants a court personal jurisdiction of a non-domiciliary who commits a tort within New York State. By contrast, CPLR §302(a)(3), a court has personal jurisdiction of a non-domiciliary who commits a tort outside of New York that causes injury within the state. To make out a *prima facie* case that a defendant is subject to CPLR §302(a)(3) jurisdiction, the plaintiff's allegations must satisfy five elements: (1) the non-domiciliary defendant committed a tortious act outside the State; (2) the cause of action arises from that act; (3) the act caused injury to a person or property within the State; (4) the defendant expected or should reasonably have expected the act to have consequences in the State; and (5) the defendant derived substantial revenue from interstate or international commerce. LaMarca v. Pak–Mor Mfg. Co., 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304 (N.Y. 2000).

Plaintiffs' failure to allege any domicile for Demers is fatal to Plaintiffs' ability to satisfy the requirement under either statute that Demers be a non-domiciliary. Assuming *arguendo* that Demers were a non-domiciliary under a liberal reading of the complaint, Plaintiffs also fail to establish that he committed a tort, or that the tort was carried out in New York State. This is because Plaintiffs assert, without factual support, that as Chief Technology Officer, Demers had and breached a fiduciary duty to inform Plaintiffs of a payroll anomaly. This conclusory assertion is insufficient to establish that Demers had any fiduciary duty to Plaintiffs or that his fiduciary obligations extended to billing practices at any of the corporate entities. The dearth of facts in the complaint leaves open the question of whether Demers committed a tortious act at all, let alone *inside* or *outside* of New York. Finding that Plaintiffs failed to plead domicile, tort, and locus of the tort under CPLR §302(a)(2) and §302(a)(3), the Court sees no reason to assess whether Plaintiffs have satisfied the remaining four elements of CPLR §302(a)(3).

Ordinarily, the Court would direct Plaintiffs to amend the pleadings to cure the deficiencies enumerated above. In this instance, however, such leave would be futile because the Court will be dismissing causes of action two through five against Defendant Demers, among others, as claim-precluded and time-barred. Thus, Plaintiffs will not be granted leave to amend and the Court dismisses causes of action two through five against Defendant Demers for lack of personal jurisdiction.

### B. Plaintiffs' Derivative Causes of Action are Claim-Precluded

Moving Defendants assert that Plaintiffs are precluded by *res judicata* from re-litigating the derivative claims that were resolved against them in the Nassau County Suit. A federal court must give a state court judgment the same preclusive effect as the judgment would receive under the law of the state where there judgment was rendered. Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 400 (2d Cir. 2003) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80 (1984)). Here, judgment was entered by the New York State Supreme Court for Nassau County. Accordingly, New York law governs the Court's analysis of the preclusive effect of the judgment in the Nassau County Suit with respect to the current action.

Under New York law,

> the doctrine of *res judicata,* or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. If a valid and final judgment has been entered on the merits of a case, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 195–96 (2d Cir. 2010) (citation omitted). Pursuant to New York's transactional approach to *res judicata*, "if claims arise out of the same 'factual grouping' they are deemed to be part of the same cause of action and the later

10

claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief." Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986) (citing Smith v. Russell Sage Coll., 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 71 (1981)). Whether a factual grouping "constitutes a 'transaction' or 'series of transactions'" depends on how "'the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Smith, 54 N.Y.2d at 192–93, 445 N.Y.S.2d at 71 (citations omitted).

Plaintiffs concede that the parties and claims are identical, but argue that under CPLR 5013, Justice DeStefano's dismissal was not a final judgment with claim preclusive-effect. CPLR 5013 provides, "[a] judgment dismissing a cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise." Plaintiffs contend that Justice DeStefano's dismissal was not a final judgment because it did not explicitly state that it was "on the merits" or "with prejudice." Decl. of Brian Limmer, Esq. ¶¶ 5–6.

Plaintiffs' argument is not persuasive. "CPLR 5013 does not require that the prior judgment contain the precise words 'on the merits' in order to be given *res judicata* effect; it suffices that it appears from the judgment that the dismissal was on the merits." Strange v. Montefiore Hosp. & Med. Ctr., 59 N.Y.2d 737, 739, 450 N.E.2d 235 (1983). Indeed, where a complaint is dismissed and leave to amend is denied, "the denial constitutes a final judgment sufficient to preclude any claims contained in the proposed amended complaint." Casciani v. Town of Webster, 501 F. App'x 77, 79 (2d Cir. 2012) (district court's dismissal of proposed amended complaint as futile "as a matter of law" because it "could not withstand a motion to dismiss for failure to state a claim" had a claim-preclusive effect on any causes of action in the proposed amended complaint); J. Weinstein, H. Korn & A. Miller, N.Y. Civ. Prac. ¶ 5011.11 (if a

"decision represents the court's ruling that the party's pleading cannot be made adequate as a matter of law, [the] decision will be given res judicata effect."). See also Muko v. New York State Bar Association, 120 M.2d 897, 466 N.Y.S.2d 891 (N.Y. Sup. Ct. Tomkins Co. 1983) (prejudice attaches when in court's view, there can never be an adequate complaint).

Here, the state courts have dismissed all of Plaintiffs derivative claims and have denied Plaintiffs' motions for leave to file their proposed amendments to those claims for "palpabl[e] insufficien[cy]." First, the Appellate Division vacated Plaintiffs' proposed amendments to their derivative claims because the proposed amendments were "palpably insufficient" to establish demand futility, and therefore, insufficient to meet the standard governing leave to amend. Walsh, 116 A.D.3d at 848, 984 N.Y.S.2d at 104. Accordingly, the Appellate Division vacated the first amended complaint.

Shortly thereafter, Justice DeStefano found that Plaintiffs' Proposed Third Amended Complaint suffered from the same infirmities as the complaint vacated by the Appellate Division: it was "palpably insufficient and devoid of merit" with regard to the derivative causes of action. DeStefano Op. at 6. Accordingly, he dismissed the derivative claims in the Proposed Third Amended Complaint and denied Plaintiffs' motion to file the amendments.

Each of these dismissals constituted a final judgment "sufficient to preclude" the re-litigation of the derivative claims asserted before the New York State courts as against all defendants in the Nassau County Suit. Thus, causes of action two through five against Moving Defendants and causes of action six and seven against Sweeney and Insana are dismissed as claim-precluded.

## C. All of Plaintiffs' Claims are Time-Barred

Moving Defendants also move to dismiss Plaintiffs' derivative claims on the alternative ground that the claims were not brought within the applicable statute of limitations. The Court agrees.

In New York, the statute of limitations for an action by or on behalf of a corporation sounding in in actual fraud is the greater of six years from the date of the alleged breach giving rise to the cause of action, CPLR § 213(7), or two years from the time the fraud was discovered, or could with reasonable diligence have been discovered. CPLR § 213(8). Once an actual fraud has been or could have reasonably been discovered, the discovery of new information about the same fraudulent act does not toll the statute of limitations. TMG–II v. Price Waterhouse & Co., 175 A.D.2d 21, 23, 572 N.Y.S.2d 6, 8 (N.Y. App. Div. 1991), lv. denied, 79 N.Y.2d 752, 580 N.Y.S.2d 199, 588 N.E.2d 97 (N.Y. 1992). By contrast, there is no discovery rule for causes of action sounding in constructive fraud; rather, the plaintiff must commence the action within six years from the date the fraud occurred. CPLR § 213(1). See Cty. of Ulster v. Highland Fire Dist., 29 A.D.3d 1112, 1115, 815 N.Y.S.2d 303 (N.Y. App. Div. 2006).

The complaint does not specify whether Plaintiffs' derivative claims sound in actual or constructive fraud. Nonetheless, an inquiry by the Court as to whether Plaintiffs have adequately pled the scienter necessary to establish actual fraud would be irrelevant because Plaintiffs' claims are time barred by under both statutes of limitations. Plaintiffs allege that the fraudulent activity giving rise to Plaintiffs' claims started in 2005. However, Plaintiffs did not file the instant action until October 15, 2014, approximately nine years later. Thus, under the six-year rule, Plaintiffs' claims are untimely.

Plaintiffs' invocation of the discovery rule is equally unavailing. The complaint asserts that Plaintiff Walsh discovered the facts forming the basis of the action in February of 2009 — five years before Plaintiffs filed the instant action. Thus, absent an applicable toll, Plaintiffs' claims have been filed three years too late.

Plaintiffs contend that their claims are tolled because they could not have discovered *all* of the evidence of fraud relating to their claims until February of 2013, when Thomas Hansen, the witness who cooperated in the SEC investigation against Defendant Kelly, "broke his silence and provided the wealth of details set forth in the [Amended Complaint]." Decl. of Brian Limmer, Esq. ¶ 9. Plaintiffs' assertion finds no basis in the law. The discovery of new information about Plaintiffs' potential claims does not toll the statute of limitations. TMG–II, 175 A.D.2d at 23, 572 N.Y.S.2d at 8. Therefore, the only relevant date for calculating the statute of limitations is the day on which Plaintiffs *actually* discovered, or with reasonable diligence *could have* discovered, the fraud. That date was February of 2009. Since Plaintiffs waited five years from the date of discovery to file the instant action, the entire action is barred as untimely.

The savings provision of CPLR 205(a) is equally unavailing. CPLR 205(a) provides, in relevant part,

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, . . . or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

CPLR 205(a) does not apply to Plaintiffs for two reasons expressly articulated in the statute. First, as set out in detail above, the New York State courts dismissed all of Plaintiffs' derivative claims in final judgments on the merits. Second, even if the derivative claims were not

14

barred by *res judicata*, Plaintiffs failed to serve Defendants within six months of termination of the Nassau County Suit. The Nassau County Suit was terminated on June 5, 2014. Although Plaintiffs filed their complaint on October 15, 2014, they did not *serve* Defendants until January of 2015 — more than six months after the termination of the Nassau County Suit. The complaint in this action was not timely served. Accordingly, causes of action two through seven are dismissed as untimely.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby grants Defendant Demers' motion to dismiss causes of action two through five as against Demers based on lack of personal jurisdiction. The Court also dismisses causes of action two through five against Moving Defendants and six and seven against Sweeney and Insana as claim-precluded and time-barred.[2] This terminates ECF Nos. 24, 29, and 30. The Clerk of Court is respectfully requested to terminate Defendants Demers, Sweeney, and Insana as parties.

**SO ORDERED.**

**Dated: May 26, 2016**
**New York, New York**

ANDREW L. CARTER, JR.
**United States District Judge**

---

[2] This conclusions resulting in dismissal on these grounds raises a question of whether the remaining causes of action are also claim-precluded and time-barred. As noted in the first footnote, Defendants Kelly, Stacey, Wwebnet, Dolny, Direct, and Rymatics have not yet appeared in the action. Thus, the Court does not address whether dismissal of the remaining causes of action is appropriate.